STATE of Tennessee ex rel. Gary L.
GERBITZ, District Attorney
General, Plaintiff/Appellant,

v.

Mark CURRIDEN, Defendant/Appellee.

Supreme Court of Tennessee,
at Knoxville.

Oct. 5, 1987.

W.J. Michael Cody, Atty. Gen. & Reporter, Kathy M. Principe, Asst. Atty. Gen., Nashville, for plaintiff/appellant.

Frank P. Pinchak, Hutcheson, Moseley, Pinchak & Powers, Chattanooga, (John C. Surles, Charlotte, N.C., of counsel), for defendant/appellee.

Jane E. Kirtley, Henry L. Baumann, Washington, D.C., amicus curiae.

OPINION

HARBISON, Chief Justice.

On July 31, 1986, the state Attorney General, on relation of the District Attorney General for Hamilton County, filed an original application in the Court of Appeals for divestiture of a radio newscaster's qualified privilege against disclosure granted under T.C.A. § 24-1-208.

Subsection c of that statute prescribes the procedure for an order seeking such divestiture. Original jurisdiction is placed in the appropriate division of the Court of Appeals. It is apparent from the statute that there will be occasions when factual issues must be resolved because the statute provides for a hearing and for a determination that the applicant has established a right to divestiture and to override the privilege "by clear and convincing evidence."

The Court of Appeals, of course, may hold an evidentiary hearing on oral testimony or, in its discretion, it may refer the matter to a master or otherwise prescribe the manner in which evidence for the hearing and determination by it may be adduced.

In the present case no oral testimony was heard, nor was any reference to a master or referee employed. The State relied entirely upon two brief affidavits from the District Attorney General of Hamilton County filed with the application, together with an audio tape and a transcript thereof from a broadcast conducted

by appellee. Appellee filed a sworn answer with exhibits.

The Court of Appeals concluded from the documentary evidence filed before it that the applicant had not established by clear and convincing evidence that the information sought could not reasonably be obtained by alternative means, as required by T.C.A. § 24–1–208(c)(2)(B). We affirm.

The statute, T.C.A. § 24–1–208(c)(3), provides that an order of the Court of Appeals "may be appealed" to this Court. The applicant sought review here as a matter of discretion under Rule 11, T.R.A.P. This was the procedure also employed in *Austin v. Memphis Publishing Co.*, 655 S.W.2d 146 (Tenn.1983), the only reported case from this Court construing the statute.

■ Although we granted the State's Rule 11 application, in our opinion the statutory provisions contemplate an original hearing and disposition of factual, as well as legal, issues before the Court of Appeals and a direct appeal to this Court as a matter of right. Although it is quite unusual for the General Assembly to vest matters of original jurisdiction in the intermediate appellate courts, apparently it has done so in this instance. It appears that the General Assembly also intended to afford the parties to such an application appellate review in this Court. Accordingly a direct appeal may be employed for that purpose in future cases.

■ Appellee purported to interview an alleged murderer on his radio broadcast, which was one of a series of short feature newscasts during the week of June 23, 1986. On the day before the last broadcast it was announced:

"Tomorrow, Mark will talk with a man who committed a murder and has never been arrested."

On the date of the last broadcast, appellee represented that the person whom he was interviewing had committed a murder but had never been apprehended. He said that the individual was considered by area police as dangerous, "a convict who got away, a murderer." Appellee further stated that the "self-proclaimed killer says at the time of the murder he was on parole for assault and battery." Appellee stated that the police had never questioned this individual despite the fact that there was an eyewitness to the event.

At this point the person being interviewed, identified as "Stanley" to "protect" his identity, remarked that there was no way to connect him with the eyewitness because the parties had not known each other previously.

Appellee stated that "Stanley" was "a killer and could get the death penalty or at least life in prison."

These are obviously serious representations made in a public radio broadcast. However, in his sworn answer, appellee denied knowing the true identity of the murderer and stated that he could provide only a general description of him.

Within a short time after the broadcast, appellee was subpoenaed to appear before the Hamilton County grand jury to give "general information." The affidavit of the District Attorney General was that appellee did appear on July 21 and at that time he did "refuse to give testimony involving information he has regarding a homicide that was being investigated by said Grand Jury."

There is no explanation of what information was sought from appellee or what other efforts, if any, the Attorney General or other law enforcement agencies had made to determine the identity of the criminal offense, the offender himself, or the site of the offense. It does not appear whether the alleged crime occurred in Hamilton County or was subject to the jurisdiction of the Hamilton County grand jury. No investigation or inquiry by Hamilton County officials with officials from surrounding counties appears to have been made, nor has any check of prison or parole records been shown.

For this reason the Court of Appeals concluded that the State had not offered "clear and convincing" evidence that the information sought could not reasonably be obtained by alternative means. The evi-

dence does not preponderate against that finding.

If appropriate law enforcement authorities make a further investigation into this alleged offense, the matter might be resubmitted to the Court of Appeals. On the present record, however, we affirm the conclusion of that court that the requisite burden of proof has not been met.

The judgment of the Court of Appeals in dismissing the application is affirmed at the cost of appellant.

FONES, COOPER, DROWOTA and O'BRIEN, JJ., concur.