Kenneth **MOORE** and Keisha Chism, Individually and on behalf of all persons similarly situated, Plaintiffs,

v.

**DOMINO'S PIZZA, L.L.C. d/b/a Domino's Pizza and/or Domino's Pizza, Inc. d/b/a Domino's Pizza, Defendant.**

No. 00–2577–D–V.

United States District Court, W.D. Tennessee, Western Division.

Oct. 13, 2000.

Kathleen L. Caldwell, Taylor Halliburton Ledbetter Caldwell, Memphis, TN, James W. Hodges, Jr., Hodges & Hodges, Memphis, TN, Gregory D. Cotton, Cotton Law Firm, Memphis, TN, for plaintiffs.

Jim N. Raines, Jonathan C. Hancock, Glankler Brown, PLLC, Memphis, TN, for defendants.

Diane Vescovo, Office of Magistrate Judge Diane K. Vescovo, Memphis, TN, pro se.

ORDER DENYING DEFENDANT'S APPLICATION TO DIVEST THIRD–PARTY WREG–TV CHANNEL 3 OF PROTECTION PURSUANT TO TENNESSEE CODE ANNOTATED 24–1–208

DONALD, District Judge.

Before the court is Defendant, Domino's Pizza, Inc.'s, application to divest third-party WREG–TV News Channel 3 (WREG) of Protection pursuant to Section 24–1–208 of the Tennessee Code Annotated. WREG filed a motion to quash the Defendant's subpoena duces tecum to produce a Federal Rule of Civil Procedure 30(b)(6) witness or in the alternative for a protective order. WREG asserts that Defendant's demand to depose one of its news reporters, Todd Angkasuwan (Angkasuwan), should be denied based on Defendant's inability to meet the exception in Tennessee Code Annotated, Section 24–1–208(c), which provides privileges and immunities to the news media except in a limited situation. Defendant, who is subject to claims under 42 U.S.C. § 2000a *et seq.*, Tenn. Code Ann. § 4–21–302, *et seq,* 42 U.S.C. § 1981 and the Tennessee common law tort of outrage and intentional infliction of emotional distress, argues that it has met each of the three factors required under Tenn.Code Ann. § 24–1–208(c) and thus, should be allowed to depose Angkasuwan or other WREG employees. For the reasons stated herein, Defendant's application to divest third-party WREG of protection pursuant to Tennessee Code Annotated § 24–1–208 is denied.

### Background Facts

Plaintiffs filed an Amended Complaint on August 7, 2000, based on the alleged refusal of delivery service by the Defendant. The Complaint alleges that the Defendant engaged in a continuing practice of refusing home delivery to African–Americans residing in predominantly African–American areas of the City of Memphis, specifically the area located near Lundee Place in which Plaintiffs reside. Specifically, Plaintiffs contend that on or about June 10, 2000, they were refused home delivery. In addition, Plaintiffs assert that Defendant has delivered food to the residence of Connie Copeland (Copeland), a white female who resides in the same area as the Plaintiffs.

On June 10, 2000, WREG ran a story for it's ten o'clock news broadcast stating "[n]eighbors of a Midtown community say they can't get pizza because of their color... Discrimination on the basis of race is illegal ... [S]ome Memphians say a take-out place is doing just that." Angkasuwan reported the story for WREG. The story showed Chism talking on the phone with an employee/agent of Defendant's. Angkasuwan stated that "[Chism] gives the person on the phone her address, and here's what she is told." The person on the telephone responded,

"that area is for carry out only." Further, the news story depicts Moore walking back to his home from Copeland's with a pizza in his hand while Angkasuwan's commentary stated "[a]nd just like many other times, [Moore] walks back home from [Copeland's] with pizza in hand."

On August 31, 2000, Defendant issued a subpoena to WREG for the deposition of its designee pursuant to Fed.R.Civ.P. 30(b)(6). After discussion with counsel, WREG filed a Motion to Quash the Subpoena Duces Tecum or in the Alternative for a Protective Order. Based on WREG's motion, Defendant filed this Application to Divest Third–Party WREG of Protection.

### Analysis

■ Tenn.Code Ann. § 24–1–208(a) provides protection to a person employed by the news media by prohibiting "a court, a grand jury, the General Assembly, or any administrative body, to disclose before the General Assembly or any Tennessee court, grand jury, agency, department or commission any information or the source of any information procured for publication or broadcast." An exception to Tenn.Code Ann. § 24–1–208(a), however, is provided in § 24–1–208(c). It states that

(c)(1) Any person seeking information or the source thereof protected under this section may apply for an order divesting such protection. Such application shall be made to the judge of the court having jurisdiction over the hearing, action or other proceeding in which the information sought is pending.

(2) The application shall be granted only if the court after hearing the parties determines that the person seeking the information has shown by clear and convincing evidence that:

(A) There is probable cause to believe that the person from whom the information is sought has information which is clearly relevant to a specific probable violation of the law;

(B) The person has demonstrated that the information sought cannot reasonably be obtained by alternative means; and

(C) The person has demonstrated a compelling and overriding public policy interest of the people of the state of Tennessee in the information.

Thus, in order for Tenn.Code Ann. § 24–1–208(c) to apply, the party seeking application must establish all three factors. *See Austin v. Memphis Publishing Co.,* 655 S.W.2d 146 (Tenn.1983).

■ Defendant failed to establish all three of these required factors. First, Defendant contends that there is probable cause to believe that WREG has information which is clearly relevant to a specific probable violation of law. Defendant is correct in its assertion that factual issues as to whether or not Plaintiffs ever ordered food for delivery from Defendant and the dates and circumstances pertaining to the alleged orders are discoverable as relevant evidence to the claims alleged against Defendant. Accordingly, Defendant's contention that evidence of whether Plaintiffs made an order for delivery of food is relevant to whether they were denied such delivery in violation of federal law. Thus, Defendant established that there is probable cause to believe that Angkasuwan has information clearly relevant to a probable violation of law because he was on site on June 10, 2000, when Plaintiffs allegedly placed the pizza orders and were refused service.

While Defendant has established the first factor by clear and convincing evidence, Defendant failed to show that the information sought cannot reasonably be obtained by alternative means. Application of divestiture of the reporter shield protection has been denied frequently by Tennessee courts because the plaintiff was unable to prove by clear and convincing evidence that the information sought cannot reasonably be obtained by alternative means. *See Tennessee v. Curriden,* 738 S.W.2d 192 (Tenn.1987) (denying application of divestiture of the reporter shield to determine the identity of a confessed murderer because local police had not exhausted alternative means to determine the persons identity); *See also Dingman v. Harvell,* 814 S.W.2d 362 (Tenn.Ct.App.1991)(finding that evidence submitted was unable to support divestiture of newspaper reporter's protection).

Defendant maintains that it is unable to obtain information pertaining to the Plaintiffs' food ordering history and the events surrounding the June 10, 2000, news report because the Plaintiffs are the only available source of information aside from Angkasuwan or other employees of WREG. Defendant contends that the information sought cannot be expected to come directly from the Plaintiffs since their credibility is called into question due to their self-interest in the testimony. Further, Defendant claims that Angkasuwan and other WREG employees are the only non-interested, non-biased party who can provide the information.

These arguments fail to meet the clear and convincing standard required of Tenn.Code Ann. § 24–1–208(c). First, no attempt has been made to depose the Plaintiffs in order to obtain the information in question. Deposition testimony requires the same treatment as trial testimony in that both are given while under oath. While Plaintiffs may in fact slant their testimony, this does not automatically nullify their testimony as it will be judged later by a non-biased jury capable of discerning the truth and credibility of witnesses. Further, Defendant's contention that Angkasuwan and other WREG employees are the only non-biased source of information is questionable. Should it be true, as Defendant appears to assert, that the entire June 10, 2000, news report was staged, it would not be in WREG's interest to divest the events surrounding the report. Therefore, WREG could arguably be self-interested in whether Plaintiffs did in fact order pizzas on that day and the response they received from Defendant. Finally, Defendant attached a copy of an affidavit from Connie Copeland in which she specifically states, "I ordered and received a pizza, which was delivered by the South Highland Domino's store. Mr. Moore *did not order* a pizza during this 'sting operation'."(emphasis added). The. affidavit supports the fact that there are other means and parties, which can provide Defendant with the information sought.

Because Defendant is not able to establish that the information sought can not be obtained by alternative means, the Court need not analyze whether Defendant satisfied the third element that a compelling and overriding public interest of the people of the state of Tennessee exists in obtaining the information. In order to divest a news reporter of the shield under Tenn.Code Ann. § 24–1–208(c), each of the three factors must be established by clear and convincing evidence and in this case, Defendant has failed to meet that burden.

*Conclusion*

For the foregoing reasons, Defendant's application to divest third-party WREG–TV News Channel 3 of protection pursuant to Tenn.Code Ann. § 24–1–208 is denied.